Dear Mr. Hilzim:
This is in response to your request for an opinion of this office concerning whether the New Orleans City Charter Revision Committee may effect a change in the composition and method of selection of the Vieux Carre Commission.
You point out that the New Orleans City Charter, Chapter 8, Section 5-801, provides for the composition of "a Vieux Carre Commission consisting of nine members appointed by the Mayor with the approval of the Council, for a term of four years as provided by the Constitution". These provisions refer to Article XIV, Section 22(A) of the Louisiana Constitution of 1921, which also provides for a Vieux Carre Commission consisting of nine members, all of whom shall be citizens of the City of New Orleans, to be appointed by the Mayor as follows:
 . . . One from a list of two persons recommended by the Louisiana Historical Society; one from a list of two persons recommended by the Curators of the Louisiana State Museum; one from a list of two persons recommended by the Association of Commerce of the City of New Orleans; three qualified architects from a list of six qualified architects recommended by the New Orleans Chapter of the American Institute of Architects; and three to be appointed at large.
These provisions were specifically carried forward and retained by the provisions of Article VI, Section 17 of the Louisiana Constitution of 1974, which provides, in part, that "Existing constitutional authority for historic preservation commissions is retained."
Accordingly, under these explicit provisions of the current Constitution, the provisions of Article XIV, Section 22(A) recited above are specifically retained as constitutional authority. Other provisions of the 1974 Constitution give support to this interpretation, such as the provisions of Article XIV, Section 16, which carried forward certain provisions of the Constitution of 1921 as statutes, but specifically excluded other provisions, such as those of Article XIV, Section 22(A). For instance, see the provisions of Article XIV, Section 16(A)(10), enumerating those portions of Article XIV of the Constitution of 1921 which were continued as statutes, but specifically excluding the provisions of Section 22(A) which were retained with constitutional authority.
For the foregoing reasons, it is the opinion of this office that the provisions of Article XIV, Section 22(A) of the Constitution of 1921 have been retained as constitutional authority under the cited provisions of the Constitution of 1974. Because these constitutional provisions continue in full force and effect, the Vieux Carre Commission is constituted as provided therein, requiring that its membership be appointed as specified.
In reaching this conclusion, we have also considered the holding of the Louisiana Supreme Court in City of New Orleans v.Board of Commissioners, 640 So.2d 237 (La. 1994) pertaining to the home rule powers of the City of New Orleans, including the power of immunity from legislative authority to withdraw, preempt or deny power to initiate ordinances, and home rule power with respect to provisions of the Louisiana Constitution of 1974. Under this case decision, the Supreme Court held that the Constitution limits pre-existing home rule charter's grant of power by providing that it may not exercise such power inconsistent with the Constitution itself. Therefore, the cited provisions of the Constitution of 1974 are controlling.
Accordingly, the composition and method of selection of the Vieux Carre Commission may not be changed without a constitutional amendment.
We hope this opinion is of value to you and if we may be of further assistance, please advise.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ GARY L. KEYSER Assistant Attorney General
RPI/GLK:bb
Mr. Mark H. Hilzim, SecretaryDepartment of Culture, Recreation TourismP.O. Box 94361Baton Rouge, La 70804-9361
DATE REC'D: 2/16/95
DATE RELEASED:
GARY L. KEYSERASST. ATTORNEY GENERAL